# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JERMAINE MADISON,**

      **Plaintiff,**

v.                                         Case No: 6:16-cv-1991-Orl-41DCI

**UNITED SITE SERVICES OF FLORIDA, INC.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** REVISED JOINT STIPULATION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE [ACTION] (Doc. 32)
>
> **FILED:** July 18, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND.

Plaintiff, on behalf of himself and other similarly situated individuals, instituted this putative collective action against Defendant in November 2016, asserting a single claim that Defendant failed to pay overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207. Doc. 1. Two other individuals – Michael McLendon and Tardarius Taylor – joined the action as Opt-in Plaintiffs in May 2017. Docs. 24; 25.

Plaintiff moved for conditional certification pursuant to 29 U.S.C. § 216 (Motion) on May 17, 2017. Doc. 26. The parties ultimately stipulated to conditional certification, Doc. 30, thus Defendant did not file a response to the Motion.

The parties filed a Joint Stipulation for Conditional Certification of FLSA Collective [Action] (Joint Motion) on June 29, 2017. Doc. 30. The undersigned entered an order denying the Joint Motion for several reasons, and directed the parties to address the issues identified in the order and file a renewed motion for conditional certification on or before July 26, 2017. Doc. 31.

The parties filed a Revised Joint Stipulation for Conditional Certification of FLSA Collective [Action] (Revised Motion) on July 18, 2017. Doc. 32. The parties represent that Plaintiff and the Opt-in Plaintiffs (collectively, the Plaintiffs) were formerly employed by Defendant, a portable toilet and restroom rental company, as "service technicians." *Id*. at ¶¶ 2, 4. Plaintiff claims that "Defendant maintains a policy of automatically deducting time for lunch breaks notwithstanding that he and those similarly situated to him work through such breaks," and, as a result of this policy, Defendant failed to pay Plaintiff and other similarly situated individuals all overtime wages they were owed. *Id*. at ¶ 3. The parties stipulate to the issuance of a notice to the following individuals:

> All Pick-Up and Delivery Technicians and/or Service Technicians who worked at Defendant's Orlando location and who claim they were not paid all overtime wages owed as a result of Defendant's automatic deduction of time for lunch breaks that they worked during.

*Id*. at ¶ 10.[1] The parties stipulate to the notice being sent to current and former service technicians and pick-up and delivery technicians who worked at Defendant's Orlando location during the three

---

[1] The parties explain that a service technician's principle responsibilities include "driving to various locations to service, pump-out, and clean portable restrooms or holding tanks," while a pick-up and delivery technician's principle responsibilities, include "driving to various locations

years preceding "the date that notice is issued[.]" *Id*. The parties attached the proposed notice (Notice) and consent form (Consent Form) to the Revised Motion, and stipulated that: 1) Plaintiff will send the Notice and Consent Form with a self-addressed return envelope to each potential member of the collective action via first class mail; and 2) the putative collective action members will have 45 days from the date the Notice and Consent Forms are sent to file a completed Consent Form with the Court. Docs. 32 at ¶ 13; 32-1. The parties stipulate that Defendant will provide Plaintiff with a list of all service technicians and pick-up and delivery technicians who worked at Defendant's Orlando location during the three years from "the date the list is generated." *Id*. at ¶ 16. Defendant agrees to produce this list within five business days of the Court's order on the Revised Motion. *Id*. The parties also stipulate that all discovery be stayed through the end of the opt-in period. *Id*. at ¶ 15.

## II. **DISCUSSION.**

### A. Conditional Certification.

The parties have stipulated to conditional certification, and, thus, request the Court enter an order conditionally certifying this case as a collective action. Doc. 32.

The FLSA "authorizes collective actions against employers accused of violating the FLSA." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008) (citing 29 U.S.C. § 216(b)). The Eleventh Circuit has sanctioned a two-stage approach for determining whether to certify an FLSA collective action pursuant to section 216(b). *Id*. at 1260. The first stage is the "notice" or "conditional certification" stage, where the Court must determine whether notice of the action should be given to potential class members. *Id*. at 1260-61. The second stage

---

to deliver and/or retrieve portable restrooms, hand sinks, or holding tanks." *Id*. at ¶ 11. The parties maintain that driving is the primary duty for both positions. *Id*.

is the "decertification stage," where, upon a motion for decertification, the Court must determine whether the class should be decertified or the case should proceed to trial as a collective action. *Id*. at 1261.

This action is currently at the first stage. Thus, the undersigned will focus on whether this action should be conditionally certified as a collective action. A plaintiff seeking conditional certification must show a reasonable basis for his or her claim that there are similarly situated employees who, if notified, would opt into the action. *Id*. at 1260-61. The standard at the first stage is fairly lenient, and is typically satisfied through some combination of the pleadings, consents to join, affidavits, or other evidence demonstrating that there are other similarly situated employees who would opt into the action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001)); *see also Williams v. Coventry Health Care of Fl., Inc.*, Case No. 6:16-cv-731-Orl-41TBS, 2016 WL 7013530, at *2 (M.D. Fla. Oct. 4, 2016). This lenient standard typically results in conditional certification of a representative action. *Hipp*, 252 F.3d at 1218. "If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in." *Id*. (internal quotations omitted).

The parties have stipulated to the conditional certification of the following class:

> All Pick-Up and Delivery Technicians and/or Service Technicians who worked at Defendant's Orlando location and who claim they were not paid all overtime wages owed as a result of Defendant's automatic deduction of time for lunch breaks that they worked during.

Doc. 32 at ¶ 10. Plaintiff was employed as service technician, yet he seeks certification of a class that includes service technicians and pick-up and delivery technicians. *Id*. at ¶¶ 2, 10. These positions, while not identical, are sufficiently similar, since both positions primarily involve driving from one location to the next to either service or deliver/pick-up portable restrooms. *Id*. at

¶ 9. Thus, it appears that Plaintiff's position is similarly situated to pick-up and delivery technicians. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (plaintiff is required to demonstrated that his or her position is "similar, not identical" to the positions held by the putative class members). There is also evidence that other similarly situated individuals would opt into this action. *See* Docs. 24; 25; *see also* Doc. 26-4. Therefore, in light of the foregoing and the parties' stipulation, the undersigned finds that this case should be conditionally certified as a collective action.

### B. Notice and Consent Form.

The parties attached the proposed Notice and Consent Form to the Revised Motion. Doc. 32-1. The Notice contains sections describing: 1) the Notice's purpose; 2) the lawsuit; 3) the individuals eligible to participate in the lawsuit; 4) how an individual opts into the lawsuit; 5) the right to decline participation in the lawsuit; 6) the consequences of opting into the lawsuit; 7) protection from retaliation; and 8) class counsel. *Id*. at 2-5. The Notice and Consent Form are complete with the exception of two deadlines; the date from which overtime claims may be asserted, and the deadline to file consent forms. *See id*. at 2-3, 5. The parties stipulated that Plaintiff will send the Notice and Consent Form with a self-addressed return envelope to each putative class member via first class mail, and that the putative class action members will have 45 days from the date the Notice and Consent Forms are sent to file a completed Consent Form with the Court. Docs. 32 at ¶ 13; 32-1.

The Court has discretion over the form of the notice provided in an FLSA collective action. *Billingsley v. Citi Trends, Inc.*, 560 F. App'x 914, 921 (11th Cir. 2014).[2] The Court must ensure

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

that accurate and timely notice is given to similarly situated employees so that they may make an informed decision about whether to join the case. *Id*. (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989)).

The undersigned has carefully reviewed the proposed Notice and Consent Form. The undersigned has also considered the proposed means by which the Notice and Consent Form will be sent to the putative class members, and the proposed opt-in period. The Notice, as previously mentioned, describes this action, the Notice's purpose, the right to join or not join this action, how to join the action, and the risks and consequences of joining the action. Doc. 32-1 at 2-5. The undersigned finds this information is accurate and provides sufficient notice to ensure that those who receive it can make an informed decision about whether to join the case. The undersigned also finds that sending the Notice and Consent Form via First Class Mail is appropriate, *see Ciani v. Talk of The Town Rests., Inc.*, Case No. 8:14-cv-2197-T-33AEP, 2015 WL 226013, at *6 (M.D. Fla. Jan. 16, 2015), and that the proposed opt-in period is sufficient.

The proposed Notice and Consent Form, however, do not include the date from which overtime claims may be asserted, or the deadline to file consent forms. Doc. 32-1 at 2-3, 5. It appears this information was intentionally omitted, because the proposed deadlines are contingent upon the date the Notice is issued. *See id*. It is not clear when the Notice will be issued. Thus, the undersigned believes that the deadlines should be determined based on the date the Court enters an order conditionally certifying this case as a collective action. This will avoid confusion, and still provide the parties with sufficient time to mail the Notice and Consent Form and the putative class members with sufficient time to consider, complete, and return the Consent Form.

**C. List of Potential Opt-in Plaintiffs.**

The parties stipulate that Defendant will provide Plaintiff with a list of all service technicians and pick-up and delivery technicians who worked at Defendant's Orlando location during the three years from "the date the list is generated." *Id*. at ¶ 16. Defendant agrees to produce this list within five business days of the Court's order on the Revised Motion. *Id*. The undersigned finds that this stipulation is reasonable, and should be enforced by the Court.

**D. Discovery.**

The parties stipulate that all discovery be stayed through the end of the opt-in period. Doc. 32 at ¶ 15. The discovery deadline is December 1, 2017. Doc. 22 at 1. Thus, staying all discovery would significantly reduce the amount of time the parties have to complete discovery. The parties have provided no good cause to stay discovery, *see* Doc. 32, and the undersigned cannot conceive of any compelling reason why discovery should be stayed. The parties can continue to engage in discovery, such as the exchange of written discovery, through the opt-in period, and will have sufficient time thereafter to conduct discovery regarding the opt-in plaintiffs. Therefore, the undersigned finds that discovery should not be stayed through the end of the opt-in period.

**III. CONCLUSION.**

In light of the foregoing, it is **RECOMMENDED** that:

1. The Revised Motion (Doc. 32) be **GRANTED** as follows:

    a. The Court **CONDITIONALLY CERTIFY** this as a collective action for the following class: 1) All service technicians and pick-up and delivery technicians who worked at Defendant's Orlando location during the three years preceding the Court's order conditionally certifying this case as a collective action; and 2) who

claim they were not paid all overtime wages owed as a result of Defendant's automatic deduction of time for lunch breaks that they worked during;

b. Jermaine Madison be **APPOINTED** as class representative;

c. The Court **APPROVE** the Notice and Consent Form (Doc. 32-1), and **DIRECT** that Plaintiff amend the Notice and Consent Form to base both (i) the date from which overtime claims may be asserted and (ii) the deadline to file consent forms, upon the date of the Court's order conditionally certifying this case as a collective action;

d. Defendant be **DIRECTED** to provide Plaintiff with a list containing the name, last known address, hire and termination dates (if applicable), and last job title of all service technicians and pick-up and delivery technicians who worked at Defendant's Orlando location during the three years preceding the Court's order conditionally certifying this case as a collective action;

e. Defendant be **DIRECTED** to provide the class representative with the above list **no later than five business days after the date the Court enters an order conditionally certifying this case as a collective action**; and

f. The Court **AUTHORIZE** Plaintiff to send the approved Notice and Consent Form with a self-addressed return envelope to each putative class member via first class mail **no later than five days after the date Defendant provides Plaintiff with the above list**.

2. The Revised Motion (Doc. 32) be **DENIED** in all other respects.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this matter.**

Recommended in Orlando, Florida on August 17, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy