UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERMAINE MADISON,**

        **Plaintiff,**

v.                                              Case No:  6:16-cv-1991-Orl-41DCI

**UNITED SITE SERVICES OF
FLORIDA, INC.,**

        **Defendant.**

REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE (Doc. 50)** |
| **FILED:** | **February 21, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

**I.**      **BACKGROUND.**

Jermaine Madison (Plaintiff), on behalf of himself and other similarly situated individuals, filed this putative collective action against Defendant alleging, among other things, that he and other similarly situated employees were subject to a policy whereby Defendant automatically deducted their lunch breaks even though they often worked through those breaks.  Doc. 1 at ¶¶ 8, 11-12.  Plaintiff alleged that he and other similarly situated employees often worked more than 40 hours per week, and, thus, the time deducted by Defendant would be considered unpaid overtime

compensation.  *Id*. at ¶ 8-12, 22.  Therefore, Plaintiff asserted a single claim for unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.  *Id*. at 4-5.  Mike McLendon and Tardarius Taylor subsequently joined this action as opt-in plaintiffs.  Docs. 24; 25.

Plaintiff moved to conditionally certify this case as a collective action.  Doc. 32.  The motion was unopposed.  *Id*.  The Court granted the motion to the extent it requested conditional certification, certifying the following class:

> All service technicians and pick-up and delivery technicians who 1) worked at Defendant's Orlando location . . . and 2) who claim they were not paid all overtime wages owed as a result of Defendant's automatic deduction of time for lunch breaks during which they worked.

Doc. 35 at 1-2.  The Court also appointed Plaintiff as the class representative.  *Id*. at 2.  Keith Jacobs, Darius Washington, Robert Thames, Anthony Felton, and Robert Kohn joined this action prior to the close of the opt-in period.  Docs. 38; 39; 40; 42; 43.

The parties settled the case prior to the close of discovery.  Doc. 48.  Plaintiff, on behalf of himself and the opt-in plaintiffs, filed a Joint Motion for Approval of Settlement and Dismissal with Prejudice (Motion), as well as settlement agreements (collectively, Agreements) between each plaintiff and Defendant (Doc. 50-1).  Doc. 50.  The parties argue that the Agreements constitute a fair and reasonable resolution of Plaintiff's and the opt-in plaintiffs' (collectively, Plaintiffs) respective FLSA claims and request that the Court grant the Motion, dismiss the Complaint with prejudice, and retain jurisdiction to enforce the terms of the settlement.  *Id*.

## II.  LAW.

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.  *Lynn's Food*

*Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).[1]  The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of a plaintiff's FLSA claims.  *See id*. at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).  The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute.  *See Lynn's Food Stores*, 679 F.2d at 1354.  There is a strong presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3]  The parties may demonstrate the reasonableness of the attorney fees by either: 1)

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

III.   ANALYSIS.

  A. The Settlement

Plaintiff alleged that Defendant had a policy of automatically deducting lunch breaks even though Plaintiffs routinely worked through those breaks. Doc. 1 at ¶¶ 8, 11-12. Defendant denied this allegation, contending that it did not violate the FLSA. Doc. 6. Thus, this case involves disputed issues of liability under the FLSA, which constitutes a bona fine dispute.

The parties state that Plaintiffs worked for Defendant for a relatively short period of time – with some working for Defendant for more than one year and others working fewer than 10 weeks – and earned between $13.50 and $15.00 per hour. Doc. 50 at 4. The parties considered this information during their settlement negotiations, resulting in Plaintiffs receiving the following amounts under their respective settlement agreements:

| Plaintiff | Unpaid Overtime Wages | Liquidated Damages |
|---|---|---|
| Anthony Felton | $1,794.37 | $1,794.38 |
| Keith Jacobs | $157.50 | $157.50 |
| Robert Kohn | $379.69 | $379.69 |
| Jermaine Madison | $670.47 | $670.48 |
| Michael McLendon | $2,336.25 | $2,336.25 |
| Tardarius Taylor | $151.87 | $151.88 |
| Robert Thames | $1,037.81 | $1,037.82 |
| Darius Washington | $81.56 | $81.57 |

Docs. 50 at 6; 50-1 at 4, 18, 32, 46, 60, 74, 88, 102. The parties state that Plaintiffs "agree that they will be compensated for all hours worked as a result of this settlement." Doc. 50 at 6. Thus, it appears Plaintiffs will receive all unpaid overtime wages they are owed, as well as an equal

amount of liquidated damages.  Further, Plaintiff will receive an incentive payment of $5,000.00 for his service as class representative.  Docs. 50 at 6; 50-1 at 46.

This settlement is a fair and reasonable resolution of Plaintiffs' respective FLSA claims.  The parties engaged in discovery and ultimately agreed to settle the case based on the costs and risks of continued litigation.  Doc. 50 at 8.  Plaintiffs will receive most, if not all, unpaid overtime wages they are owed, as well as an equal amount of liquidated damages.  *Id*. at 6.  The undersigned finds this compromise – to the extent Plaintiffs even compromised their respective FLSA claims – constitutes a fair and reasonable compromise of Plaintiffs' respective FLSA claims given the disputed issues in the case, and the parties' desire to avoid the costs and risks of continued litigation.  Further, the undersigned finds the incentive payment Plaintiff will receive does not affect the fairness and reasonableness of the overall settlement, because Plaintiff instituted this case, was actively involved in the case, and there is no indication that the incentive payment reduces the amounts received by the other plaintiffs – who, as previously mentioned, are receiving most, if not all, unpaid overtime wages they are owed, as well as an equal amount of liquidated damages.  *See, e.g.*, *Heath v. Hard Rock Café Int'l (STP), Inc.*, Case No. 6:10-cv-344-Orl-28KRS, 2011 WL 5877506, at *4-5 (M.D. Fla. Oct. 28, 2011) (finding incentive payment to named plaintiff in FLSA collective action was reasonable given the fact that plaintiff instituted the action, actively participated in the case, and the incentive payment had no apparent effect on the amounts paid to the other class members) *report and recommendation adopted*, 2011 WL 5873968 (M.D. Fla. Nov. 23, 2011).  Accordingly, it is **RECOMMENDED** that the Court find the settlement is a fair and reasonable resolution of Plaintiffs' respective FLSA claims.

### B. General Release

The Agreements each contain a general release. Doc. 50-1 at 6-8, 20-22, 34-36, 48-50, 62-64, 76-78, 90-92, 104-106. A general release is generally disfavored in the context of a FLSA settlement, because it is viewed as affecting the fairness and reasonableness of the settlement. *See, e.g.*, *Menjiva v. E & L Const. Serv., LLC*, Case No. 6:14-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015) (citing authority). The presence of a general release, though, is generally found not to affect the fairness and reasonableness of a FLSA settlement where plaintiff is provided separate consideration for the general release. *See Roman v. FSC Clearwater, LLC*, Case No. 6:16-cv-969-Orl-41DCI, 2017 WL 1653571, at *3 (M.D. Fla. Apr. 21, 2017) (approving a settlement agreement providing $100.00 as separate consideration for a general release) *report and recommendation adopted*, 2017 WL 1552304 (M.D. Fla. May 1, 2017); *Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (same). Plaintiffs are each receiving an additional $200.00 in consideration for the general release. Docs. 50 at 6; 50-1 at 4, 18, 32, 46, 60, 74, 88, 102. In light of the foregoing, the undersigned finds that the general release does not affect the overall fairness and reasonableness of the settlement. Therefore, it is **RECOMMENDED** that the Court find the general releases do not affect the fairness and reasonableness of the settlement.[4]

### C. Attorney Fees and Costs

Plaintiffs' counsel will receive a total of $30,393.76 in attorney fees and costs for representing Plaintiffs in this case. Docs. 50 at 5; 50-1 at 4, 18, 32, 46, 60, 74, 88, 102. The parties state that "the amount of attorneys' fees and costs that [Defendant] will pay on behalf of [Plaintiffs]

---

[4] The Agreements do not contain any other provisions – such as confidentiality or non-disparagement provisions – that are generally viewed as affecting the fairness and reasonableness of a FLSA settlement. *See* Doc. 50-1.

was agreed upon without regard to the amount to be paid to [Plaintiffs]." Doc. 50 at 8. The settlement is reasonable to the extent previously discussed, and the foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiffs. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### D.  Retaining Jurisdiction

The parties request that the Court retain jurisdiction to enforce the terms of the settlement. Doc. 50 at 9. Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement. *See, e.g.*, *Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011) (denying request to retain jurisdiction to enforce terms of FLSA settlement agreement due to the absence of any compelling reason to retain jurisdiction) *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) (denying request to retain jurisdiction to enforce terms of FLSA settlement agreement due to parties failure to present arguments or reasons in support of retaining jurisdiction) *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). The parties provided no argument in support of their request that the Court retain jurisdiction, *see* Doc. 50, and the undersigned finds no compelling reason for the Court to retain jurisdiction to enforce the terms of the settlement. Therefore, it is **RECOMMENDED** that the Court deny the parties' request to retain jurisdiction to enforce the terms of the settlement.

IV. **CONCLUSION**.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 50) be **GRANTED** to the extent that the Court find the Agreements (Doc. 50-1) are a fair and reasonable settlement of Plaintiffs' respective FLSA claims;

2. The Motion (Doc. 50) be **DENIED** in all other respects;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection in they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on April 18, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy