UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERMAINE MADISON,**

   **Plaintiff,**

v.               Case No: 6:16-cv-1991-Orl-41DCI

**UNITED SITE SERVICES OF
FLORIDA, INC.,**

   **Defendant.**

              /

## ORDER

THIS CAUSE is before the Court on the Joint Motion for Approval of Settlement (Doc. 50). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation (Doc. 51), recommending that the motion be granted in part and denied in part.

After an independent *de novo* review of the record, and noting that no objections were timely filed, (*see also generally* Madison Notice of Non-Objection, Doc. 52), this Court agrees with the analysis in the Report and Recommendation. However, the Court clarifies that because there is consideration for the general releases and the waivers of future employment, which is separate from that being given in exchange for the settlement of Plaintiffs' FLSA claims, (*see* Settlement Agreements, Doc. 50-1, at 4, 6–8, 9–10, 18, 20–22, 23–24, 32, 34–36, 37–38, 46, 48–50, 51–52, 60, 62–64, 65–66, 74, 76–78, 79–80, 88, 90–92, 93–94, 102, 104–06, 107–08), the Court expresses no opinion as to the enforceability of those provisions. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (requiring courts to determine whether a settlement "is a fair and reasonable resolution of a bona fide dispute *over FLSA provisions*." (emphasis added)); *Shearer v. Estep Constr., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL

2402450, at *4 (M.D. Fla. May 20, 2015) ("[T]he release of non-FLSA claims is generally not subject to judicial scrutiny.").

Additionally, to the extent that the Settlement Agreements purport to allow the parties to modify the Agreement, (*see* Doc. 50-1 at 11, 26, 39, 54, 68, 81, 96, 110), that language will be stricken, (*see id.* at 10, 24, 38, 52, 66, 80, 94, 108 (severability provisions)). Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Settlement Agreements are unenforceable absent judicial approval.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 51) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Joint Motion for Approval of Settlement (Doc. 50) is **GRANTED in part** and **DENIED in part**.

3. To the extent that the Settlement Agreements purport to allow the parties to modify the Agreement, (*see* Doc. 50-1 at 11, 26, 39, 54, 68, 81, 96, 110), that language is **STRICKEN**.

4. Except as set forth above, the Settlement Agreements (Doc. 50-1) are **APPROVED**.

5. This case is **DISMISSED with prejudice**.

6. The Motion (Doc. 50) is **DENIED** in all other respects.

**DONE** and **ORDERED** in Orlando, Florida on May 14, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record